RECEIVED

APR 2 3 2026

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

*Fraction v. Magdala Foundation | Pro Se Complaint | Page 1*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **JAMAL FRACTION,**<br>Plaintiff, | Civil Action No.: _____ |
| v. | **COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS**<br>(42 U.S.C. § 1983; Fair Housing Act; Title VI;<br>Substantive and Procedural Due Process) |
| **MAGDALA FOUNDATION, d/b/a**<br>**JEFFERSON SPACES TINY HOMES,**<br>Defendant. | **JURY TRIAL DEMANDED** |

### INTRODUCTION

Plaintiff Jamal Fraction, proceeding pro se, brings this civil rights action against Magdala Foundation and its staff employed at Jefferson Spaces Tiny Homes for a pattern and practice of discriminatory treatment, targeted retaliation, obstruction of legal processes, failure to protect from violent staff, and denial of due process. Plaintiff's injuries began upon his admission to the program on July 13, 2025, when he was immediately subjected to discriminatory directives regarding his use of gender-consistent facilities. This discrimination escalated through a series of deliberate acts, and culminated in a retaliatory program exit on March 24, 2026 — the very same day Plaintiff submitted a comprehensive written grievance to Defendants' Board of Directors.

*Fraction v. Magdala Foundation | Pro Se Complaint | Page 2*

## I. PARTIES

### A. Plaintiff

Plaintiff Jamal Fraction is a legally male individual who was unhoused and enrolled as a resident at Jefferson Spaces Tiny Homes, a transitional housing program operated by Magdala Foundation, beginning July 13, 2025. Plaintiff was assigned to Bed 44 and relied on the program for safety, stability, and access to services.

Plaintiff had no incidents, no incident reports, and no hostility from staff or leadership from the date of his admission through January 30, 2026. This is because, during that period, Plaintiff was complying — against his will — with a directive issued to him by Program Director Monica White upon his entry into the program.

Upon admission, Director White informed Plaintiff that he was required to use the women's restroom and shower facilities. Plaintiff immediately informed Director White that he is legally male and that his state-issued identification confirms this. Director White responded that his legal gender designation "does not matter here at Jefferson Spaces," characterizing the bathroom directive as "a rule of the city." Director White further stated that Plaintiff must use the women's restroom and showers, or use a Porta Potty and the outdoor showers as an alternative. Because Plaintiff was desperate and in need of shelter, he submitted to this directive against his will.

For a period of months, Plaintiff used the men's restroom and showers without staff noticing. When staff did notice, Plaintiff began presenting in female attire in an attempt to avoid harassment from female residents who witnessed his presence in the women's restroom. Plaintiff was effectively forced to conceal his identity and suppress his legal gender status as a direct consequence of Defendants' discriminatory policy.

When Plaintiff refused to continue suppressing his identity and began using the appropriate male facilities — consistent with his legal gender — in defiance of Defendants' directive, the retaliation began. This marks the period leading to and including January 30, 2026, and the events described herein.

### B. Defendants

The following individuals and entities are named as Defendants:

- Magdala Foundation, a nonprofit organization that owns and operates Jefferson Spaces Tiny Homes and employs or supervises all individual Defendants.
- Monica White, Program Director, whose conduct included discriminatory treatment, retaliation, obstruction, and misuse of authority.
- Garfield Duckett, Vice President, who ignored Plaintiff's grievances, avoided intervention, and failed to protect Plaintiff.

- Cheryl Bradley, Case Manager, who encouraged Plaintiff to speak up against discrimination, then betrayed Plaintiff by relaying confidential information to program leadership.
- Veronica (Last Name Unknown), Supervisor, who intercepted police, reframed events, documented Plaintiff without consent, and obstructed a court-directed process.
- Randy (Last Name Unknown), Custodian, who engaged in violent, aggressive, and threatening conduct toward residents, including Plaintiff.
- Carmen (Last Name Unknown) and Neecie (Last Name Unknown), Staff Members, who engaged in targeted monitoring, retaliation, and discriminatory enforcement against Plaintiff.
- Miles (Last Name Unknown), Staff Member, who violated communication boundaries and participated in coordinated retaliation.
- John/Jane Does 1–10, whose names were withheld or whose conduct contributed to systemic discrimination, retaliation, and obstruction.

*Fraction v. Magdala Foundation | Pro Se Complaint | Page 3*

## II. JURISDICTION AND VENUE

This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff asserts claims arising under 42 U.S.C. § 1983, the Fair Housing Act (42 U.S.C. § 3604), and Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d). Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred within this judicial district.

## III. FACTUAL ALLEGATIONS

### A. Background and Admission (July 13, 2025)

On July 13, 2025, Plaintiff entered Jefferson Spaces Tiny Homes, a transitional housing program operated by Magdala Foundation. Upon entry, Plaintiff was subjected to a discriminatory bathroom directive by Program Director Monica White, as detailed in Section I(A) above. From the outset of his residency, Plaintiff also experienced the following conditions:

- Staff refused to acknowledge Plaintiff by name.
- Staff monitored Plaintiff's movements and conversations without cause.
- Staff documented Plaintiff's presence without justification.
- Staff selectively enforced unwritten rules only against Plaintiff.
- Case management failed to provide consistent support.
- Leadership ignored Plaintiff's grievances and concerns.

Plaintiff repeatedly attempted to resolve these issues through internal channels. No grievance was ever formally processed or resolved.

### B. Discriminatory Bathroom and Restroom Enforcement

Program Director Monica White engaged in the following discriminatory conduct against Plaintiff regarding his use of gender-consistent restroom facilities:

- White told Plaintiff: "If you were incarcerated, wouldn't you go to a women's institution?"
- White used rape as a scare tactic, telling Plaintiff he could be assaulted if he used the men's restroom.
- White produced a snippet of a legislative bill and falsely claimed it constituted program "policy."
- White enforced this fabricated "policy" exclusively against Plaintiff.
- White lied about the existence of any written policy.
- White disclosed Plaintiff's incarceration history and gender identity to other staff members.
- White repeated gossip that Plaintiff "switches back and forth," violating Plaintiff's confidentiality and dignity.

This conduct was discriminatory, humiliating, and unsupported by law or United States Department of Housing and Urban Development (HUD) standards. It constitutes gender identity-based discrimination and harassment.

*Fraction v. Magdala Foundation | Pro Se Complaint | Page 4*

### C. Leadership Avoidance and Obstruction (February – March 2026)

Vice President Garfield Duckett took the following actions (or deliberate inactions) in response to Plaintiff's repeated reports of misconduct:

- Duckett ignored multiple written grievances submitted by Plaintiff on February 2, 3, 14, 15, and 16, 2026.
- Duckett redirected Plaintiff's grievances back to the very staff members Plaintiff had reported.
- Duckett attempted to convert Plaintiff's written grievances into undocumented oral conversations.
- Duckett avoided Plaintiff in person despite visiting the property on multiple occasions.
- Duckett failed to intervene despite having full knowledge of the discrimination and retaliation occurring against Plaintiff.

### D. Breach of Confidentiality by Case Manager Bradley

Case Manager Cheryl Bradley engaged in a deliberate betrayal of Plaintiff's confidence:

- Bradley personally observed and acknowledged the discrimination and retaliation directed at Plaintiff.
- Bradley encouraged Plaintiff to speak up and assert his rights, invoking the names of civil rights leaders Malcolm X and Martin Luther King, Jr. to inspire Plaintiff.
- Bradley cultivated Plaintiff's trust through this encouragement.
- Bradley subsequently became distant and evasive toward Plaintiff.
- Bradley relayed Plaintiff's confidential disclosures to program leadership, including Program Director Monica White.
- Bradley's conduct enabled further retaliation against Plaintiff by alerting leadership to Plaintiff's plans to assert his rights.

This constitutes a breach of the duty of confidentiality owed to Plaintiff as a client in a social services program.

### E. Violent Incident with Custodian Randy (March 18, 2026)

On March 18, 2026, Plaintiff lawfully exited the men's shower facility, consistent with Plaintiff's legal male gender identity. The following incident occurred immediately thereafter:

- Immediately upon seeing Plaintiff exit the men's shower, Randy grabbed his phone and began texting someone, consistent with a pattern of staff monitoring Plaintiff's use of gender-consistent facilities.
- Plaintiff calmly approached Randy and said, "Let's talk man to man," and asked whether Randy had been monitoring him.

- Randy responded with hostility, aggression, profanity, derogatory language, and physically escalating behavior.
- The incident occurred in an open, audible, and monitored area of the facility.
- No staff member intervened during or after the incident.
- No welfare check was performed on Plaintiff.
- No statement was taken from Plaintiff.
- No disciplinary protocol was followed.

Randy had a documented prior history of violent conduct within the program, including removing his shirt, throwing his cap, approaching residents in a fighting stance, using racial insults, swinging first in prior altercations, and provoking multiple residents. Program leadership was aware of this history and continued to assign Randy to resident-facing roles without corrective action.

*Fraction v. Magdala Foundation | Pro Se Complaint | Page 5*

### F. Obstruction of Court-Directed Process (March 19, 2026)

On March 19, 2026, Plaintiff was under a court directive to obtain Randy's full last name in order to pursue a civil Order of Protection. Plaintiff called law enforcement from his unit. When officers arrived, the following occurred:

- Supervisor Veronica (Last Name Unknown) intercepted the arriving officers before they were able to speak with Plaintiff.
- Veronica spoke privately with the officers and unilaterally reframed the narrative of events.
- Veronica showed the officers surveillance footage of Plaintiff without Plaintiff's knowledge or consent.
- Veronica stood silently in Plaintiff's doorway and documented Plaintiff's private conversation with officers without ever speaking to Plaintiff or announcing her presence.
- Officers subsequently pressured Plaintiff, stating that Plaintiff could be exited from the program if he pursued an Order of Protection.
- Officers never asked for the purpose of Plaintiff's call.
- Plaintiff was never provided Randy's last name.

This conduct obstructed Plaintiff's ability to complete a court-directed legal process and violated Plaintiff's constitutional rights.

### G. Escalating Retaliation After Grievance Filing (March 18–24, 2026)

After Plaintiff filed grievances documenting the above misconduct, the following retaliatory conduct by staff intensified:

- Staff refused to acknowledge Plaintiff.
- Staff openly stared at and documented Plaintiff's movements throughout the facility.
- Staff threatened sanctions against Plaintiff without providing any documentation or notice.
- Staff withheld Plaintiff's mail and mishandled Plaintiff's personal property.
- Staff created a hostile, unsafe, and intimidating living environment.

Plaintiff notes that only one staff member, Tracy, treated Plaintiff with basic dignity and professionalism throughout this period.

### H. Board-Level Grievance and Same-Day Retaliatory Exit (March 24, 2026)

On March 24, 2026, at 9:43 AM, Plaintiff submitted a comprehensive written grievance to Defendants' Board of Directors, titled: Formal Grievance: Systemic Misconduct, Retaliation, and Program Wide Failure. The grievance documented:

- The absence of any written grievance policy, posted procedure, or neutral reviewer within the program.
- Leadership's deliberate failure to act on repeated reports of misconduct, discrimination, and retaliation.

- Staff's continued withholding of information obstructing Plaintiff's ability to complete a lawful, court-directed process.
- Systemic misconduct, discriminatory treatment, retaliation, and operational failures throughout Plaintiff's residency.

Less than one hour after Plaintiff submitted this grievance to the Board of Directors, at approximately 10:30 AM on March 24, 2026, a security officer handed Plaintiff a letter in an envelope while Plaintiff was in the men's restroom shaving. The letter stated that Plaintiff was past his extension, had not secured housing, that no further extension would be given, and that this was officially his last day as a resident in the Jefferson Spaces program — with a requirement to vacate the premises by 12:00 Noon that same day.

The letter contained no date at the time it was delivered. Only after Plaintiff inquired of Vice President Duckett as to the reason the letter bore no date did Duckett handwrite the date "March 24, 2026" on the letter in blue ink.

Plaintiff received no prior written notice of exit, no opportunity for a hearing, no opportunity to appeal, and no meaningful due process of any kind. The issuance of an undated exit letter — delivered less than one hour after Plaintiff submitted a formal grievance to the Board of Directors — with a same-day noon deadline constitutes a serious due process violation and direct, unambiguous retaliation for Plaintiff's protected activity.

## IV. CAUSES OF ACTION

### COUNT I: Gender Identity Discrimination in Violation of the Fair Housing Act (42 U.S.C. § 3604)

Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein. Defendants, through Program Director Monica White and other staff, subjected Plaintiff to discriminatory terms and conditions in housing on the basis of his gender identity. Defendants enforced fabricated policies exclusively against Plaintiff, disclosed Plaintiff's gender identity and personal history without consent, and engaged in harassment designed to humiliate Plaintiff and interfere with his equal enjoyment of program facilities. This conduct violates the Fair Housing Act and HUD's implementing regulations.

### COUNT II: Retaliation in Violation of the Fair Housing Act (42 U.S.C. § 3617)

Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein. Defendants retaliated against Plaintiff for exercising his right to file grievances and assert protected civil rights. Retaliatory acts included escalating surveillance, social exclusion, threats, property interference, and Plaintiff's summary exit from housing on the same day he submitted a Board-level grievance. This conduct constitutes unlawful retaliation under 42 U.S.C. § 3617.

### COUNT III: Violation of Substantive and Procedural Due Process (42 U.S.C. § 1983)

Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein. Defendants, acting under color of state law insofar as Magdala Foundation operates with government funding and pursuant to HUD guidelines, deprived Plaintiff of a protected liberty and property interest in his continued housing without due process of law. Plaintiff was exited without adequate written notice, a hearing, an opportunity to respond, or any right of appeal. The exit letter delivered to Plaintiff was undated at the time of delivery, required vacating within approximately ninety minutes, and was issued less than one hour after Plaintiff submitted a formal grievance to the Board of Directors. This conduct violates Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

### COUNT IV: Obstruction of Legal Process and Interference with Court Order

Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein. Defendants, through Supervisor Veronica and others, deliberately obstructed Plaintiff's ability to execute a court-directed legal process by intercepting law enforcement, withholding Randy's identifying information, and pressuring officers to discourage Plaintiff from pursuing an Order of Protection. This conduct constitutes unlawful interference with a court-directed process and obstruction of Plaintiff's civil legal rights.

### COUNT V: Failure to Protect (Deliberate Indifference)

Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein. Defendants knew of Custodian Randy's documented history of violent, aggressive, and threatening conduct toward residents. Despite this knowledge, Defendants retained Randy in a resident-facing role without restriction or corrective action. After Randy's violent and threatening conduct toward Plaintiff on March 18, 2026, Defendants failed to intervene, conduct a welfare check, take any statement, or follow any safety protocol. This deliberate indifference to a known and serious risk of harm violated Plaintiff's rights.

## COUNT VI: Breach of Confidentiality

Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein. Defendants, through Case Manager Cheryl Bradley and Program Director Monica White, disclosed Plaintiff's confidential personal information, including Plaintiff's incarceration history, gender identity, and case disclosures, to staff and leadership without authorization. This breach of confidentiality enabled retaliation against Plaintiff and caused significant emotional and psychological harm.

*Fraction v. Magdala Foundation | Pro Se Complaint | Page 7*

## V. HARM AND DAMAGES

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered the following injuries:

- Loss of housing and forced displacement while unhoused.
- Loss of safety and exposure to ongoing risk of harm from violent staff.
- Severe emotional distress and psychological harm.
- Humiliation, fear, and intimidation from targeted monitoring, retaliatory conduct, and discriminatory enforcement.
- Denial of due process in connection with Plaintiff's exit from the program.
- Obstruction of Plaintiff's legal rights and interference with a court-directed process.
- Instability and loss of access to services, case management, and support.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter a declaratory judgment that Defendants' conduct violated Plaintiff's civil rights under the Fair Housing Act, 42 U.S.C. § 1983, and applicable law;
2. Award Plaintiff compensatory damages in an amount to be determined at trial for emotional distress, loss of housing, humiliation, and all other compensable harm;
3. Award Plaintiff punitive damages against individual Defendants for their willful, malicious, and reckless disregard of Plaintiff's rights;
4. Award Plaintiff any reasonable attorney's fees and costs incurred in connection with this action, to the extent permitted by applicable law;
5. Order injunctive relief requiring Magdala Foundation to adopt and implement written grievance procedures, anti-retaliation policies, and civil rights training for all staff; and
6. Grant any such other and further relief as this Court deems just, proper, and equitable.

## VII. DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all claims so triable.

## VIII. VERIFICATION

I, Jamal Fraction, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Respectfully submitted,

*Fraction v. Magdala Foundation | Pro Se Complaint | Page 8*

## NOTICE TO DEFENDANTS

You are hereby notified that you are required to file a written response to this Complaint with the Clerk of Court within 21 days of service of this Complaint upon you, or within 60 days if you are a government agency or officer. Failure to respond may result in entry of default judgment against you.

Jamal Fraction, Pro Se Plaintiff

Date: _4-22-26_

Address: _unhoused_

Phone: _NONE_

Email: _fractionjamal16@gmail.com_